IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**RUBEN LOZANO,**

       **Plaintiff,**

vs.                                                                                   No. CV 15-523 WJ/LAM

**DAVID CASSANOVA, ADMINISTRATOR
OF RCDC, BRIAN STOVER, ROOSEVELT
COUNTY DISTRICT ATTORNEY, DONNA
MOWRER, ROOSEVELT COUNTY DISTRICT
JUDGE, and JEAN MARTIN, MEDICAL
PROVIDER AT RCDC,**

       **Defendants.**


**MEMORANDUM OPINION AND ORDER**

THIS MATTER comes before the Court *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff Ruben Lozano's Civil Complaint Pursuant to 42 USC § 1983. (Doc. 1) ("Complaint"). Also before the Court is Plaintiff Lozano's Application to Proceed in District Court Without Prepaying Fees and Costs (Doc. 2 and Doc. 5). The Court will grant Lozano's Application to Proceed Without Prepaying Fees and Costs and, for reasons set out below, the Court will dismiss Lozano's Complaint with leave to amend.

Lozano is proceeding pro se and in forma pauperis. The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) for failure to state a claim if

1

Case 2:15-cv-00523-WJ-LAM   Document 6   Filed 02/08/16   Page 2 of 5

"it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon,* 935 F.2d 1106, 1109 (10th Cir. 1991) (quoting *McKinney v. Oklahoma Dep't of Human Services,* 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing Lozano's pro se complaint, the Court applies the same legal standards applicable to pleadings that counsel drafts, but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

**District Judge Donna Mowrer and District Attorney Brian Stover:**

Lozano names Roosevelt County District Judge Donna Mowrer as a defendant. He alleges that Judge Mowrer is presiding over the state criminal proceedings on his current Trafficking charge. Lozano alleges that he filed a motion asking Judge Mowrer to recuse herself, but she is refusing to do so. Lozano also names Roosevelt County District Attorney Brian Stover as a defendant. Although the Complaint does not allege any specific conduct by District Attorney Stover, a liberal construction of the Complaint suggests that he is sued for prosecution of Lozano's current Trafficking charge. Lozano alleges that "the state is seeking to aggregate Plaintiff's class II Trafficking charge to a class I Trafficking charge due to a prior conviction for Trafficking." (Doc. 1, at 4).

Claims against a judicial officer acting as a judge are clearly barred by absolute judicial immunity. *See Stump v. Sparkman,* 435 U.S. 349, 355-56, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). It is well established that absolute immunity bars suits for money damages for acts made in the exercise of judicial discretion. *Guttman v. Khalsa,* 446 F.3d 1027, 1033 (10th Cir.2006). Further, it is well settled that the doctrine of judicial immunity is applicable in actions, such as the case at

bar, that are brought pursuant to 42 U.S.C. § 1983. *Van Sickle v. Holloway,* 791 F.2d 1431, 1434–35 (10th Cir.1986).

Like judges, prosecutors are entitled to immunity in the performance of their prosecutorial functions. *Miller v. Spiers*, 434 F.Supp.2d 1064 (2006). The common law has long recognized prosecutors must be given immunity from the chilling effects of civil liability. *Burns v. Reed,* 500 U.S. 478, 485, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991); *Griffith v. Slinkard,* 146 Ind. 117, 44 N.E. 1001, 1002 (1896). Prosecutors are absolutely immune from damages for their advocacy and activities "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430, 96 S.Ct. 984 (1976).

The United States Supreme Court has recognized absolute immunity for officials whose special functions or constitutional status requires complete protection from suit. *Harlow v. Fitzgerald,* 457 U.S. 800, 807, 102 S.Ct. 2727, 2732 (1982). The purpose of absolute judicial immunity is:

> "to benefit the public, 'whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences.' The Supreme Court has recognized that 'the loser in one forum will frequently seek another, charging the participants in the first with unconstitutional animus.' Therefore, absolute immunity is necessary so that judges can perform their functions without harassment or intimidation."

*Van Sickle v. Holloway,* 791 F.2d at 1434–35.

Lozano seeks to assert claims against Judge Mowrer and District Attorney Stover for the performance of judicial and prosecutorial functions. These claims are barred by absolute immunity and, therefore, fail to state a claim upon which relief can be granted. The claims against Judge Donna Mowrer and District Attorney Brian Stover will be dismissed with prejudice.

**David Cassanova, Administrator, and Jean Martin, Medical Provider:**

Lozano's Complaint also names David Cassanova, in his capacity as Administrator of the Roosevelt County Detention Center, and Jean Martin, in her capacity as Chief Medical Provider at Roosevelt County Detention Center.  However, the Complaint is devoid of any factual allegations of individualized conduct on the part of either Cassanova or Martin.  Instead, the Complaint makes collective allegations of conduct by "RCDC", "RCDC staff, and "RCDC representatives" and generalized claims of violation of his 1st, 5th, 6th, 8th and 14th Amendment rights.  (Doc. 1, at 2-5).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must assert acts by government officials acting under color of law that result in a deprivation of rights secured by the United States Constitution. 42 U.S.C. § 1983; *West v. Atkins*, 487 U.S. 42, 48 (1988). There must be a connection between official conduct and violation of a constitutional right. Conduct that is not connected to a constitutional violation is not actionable under Section 1983. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998).

A civil rights action against a public official may not be based solely on a theory of respondeat superior liability for the actions of co-workers or subordinates. A plaintiff must plead that each government official, through the official's own individual actions, has violated the Constitution.  *Ashcroft v. Iqbal,* 556 U.S. 662, 676, 129 S.Ct. 1937, 1948 (2009).  Plaintiff must allege some personal involvement by each official in the alleged constitutional violation to succeed under § 1983.  *Fogarty v. Gallegos,* 523 F.3d 1147, 1162 (10th Cir. 2008). In a Section 1983 action, it is particularly important that a plaintiff's complaint "make clear exactly *who* is alleged to have done *what to whom*, to provide each individual with fair notice as to the basis of the claim against him or her." *Robbins v. Oklahoma,* 519 F.3d 1242, 1249-50 (10th Cir. 2008) (emphasis in the original).

The Complaint does not make any factual allegations of any act or omission by either Cassanova or Martin nor does it contain allegations that conduct by Cassanova or Martin resulted in deprivation of a constitutional right.  In the absence of individualized factual allegations, the Complaint fails to state a claim for relief against either Cassanova or Martin.  *Twombly,* 550 U.S. at 570. The Court will dismiss the claims against Cassanova and Martin without prejudice and will grant Lozano the opportunity to file an amended complaint specifying individuals and the individualized actions that he claims resulted in violation of a constitutional right. *Hall v. Bellmon,* 935 F.2d at 1110, nt. 3 (pro se litigants are to be given reasonable opportunity to remedy defects in their pleadings).

IT IS ORDERED: (1) Lozano's Application to Proceed Without Prepaying Fees and Costs (Doc. 2 and Doc. 5) is granted; (2) the claims against Defendant Donna Mowrer, Roosevelt County District Judge, and Defendant Brian Stover, Roosevelt County District Attorney, are dismissed with prejudice; (3) the claims against Defendant David Cassanova, Administrator of RCDC, and Defendant Jean Martin, Medical Provider at RCDC, are dismissed without prejudice; and (4) Plaintiff Lozano is granted leave to file an amended complaint within 30 days of entry of this Order. If an amended complaint, identifying specific individual defendants and individualized actions that allegedly violated Lozano's constitutional rights, is not filed within 30 days, the Court will dismiss this action with prejudice.

_____
UNITED STATES DISTRICT JUDGE